## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOHN T. AND ESTHER N. DODERO,
LIONEL AND TAMMY ALFORD, AS
CO-TRUSTEES OF THE LIONEL D.
ALFORD, JR. AND TAMMY NIX ALFORD
REVOCABLE TRUST,
DOUGLAS B. AND SHELLY L. BUSH,
ST. JOHNS FLORIDA PROPERTIES, L.L.C.,          Case No.:
KI FLORIDA PROPERTIES, L.L.C.,
MICHAEL D. HUCKABEE AND
JANET M. HUCKABEE AS CO-TRUSTEES
OF THE ANGUS B. WILES TRUST,
CAMPING ON THE GULF LAND, L.L.C.,
SANDY SHORES PROPERTY OWNERS
ASSOCIATION, INC., TODD HARLICKA,
CHRISTOPHER F. CORRADO
EDWARD J. AND JOY L. MCMILLIAN,
JE COASTAL PROPERTIES, L.L.C., ERIC AND
DEBORAH WILHELM AS CO-TRUSTEES OF
THE ERIC AND DEBORAH WILHELM
REVOCABLE TRUST, DAVID A. BRADFORD
AS TRUSTEE OF THE ELIZABETH M.
BRADFORD REVOCABLE TRUST DATED
JULY 12, 2012, AND PARKER H. PETIT,

     Plaintiffs

     v.

WALTON COUNTY, A POLITICAL
SUBDIVISION OF THE STATE OF FLORIDA;
MICHAEL A. ADKINSON, JR., IN HIS
OFFICIAL CAPACITY AS WALTON
COUNTY SHERIFF,

     Defendants
_____/

## COMPLAINT

John T. and Esther N. Dodero, Lionel and Tammy Alford, as co-trustees of the Lionel D. Alford, Jr. and Tammy Nix Alford Revocable Trust, Douglas B. and Shelly L. Bush, St. Johns Florida Properties, L.L.C., KI Florida Properties, L.L.C., Michael D. and Janet M. Huckabee as co-trustees of the Angus B. Wiles Trust, Camping on the Gulf Land, L.L.C., Sandy Shores Property Owners Association, Inc., Todd Harlicka, Christopher F. Corrado, Edward J. and Joy L. McMillian, JE Coastal Properties, L.L.C., Eric and Deborah Wilhelm, as co-trustees of the Eric and Deborah Wilhelm Revocable Trust, David A. Bradford as Trustee of the Elizabeth M. Bradford Revocable Trust dated July 12, 2012, and Parker H. Petit, (collectively "Plaintiffs"), hereby file this Complaint against Walton County ("County") and Walton County Sheriff Michael A. Adkinson, Jr. ("Sheriff") (collectively Defendants), to seek relief under the U.S. Constitution, 42 U.S.C. § 1983, and the Florida Constitution.  In support, Plaintiffs allege:

## Parties

1.      Plaintiffs, John T. and Esther N. Dodero, are the owners of a beachfront condominium property in Walton County, Florida (Parcel ID# 19-3S-18-16110-000-0240) ("Dodero Property").  Specifically, located at 142 Beachside Dr. #24, Santa Rosa Beach, Florida 32459, the Dodero Property includes ownership of an undivided share of common elements appurtenant thereto, which include beachfront property that extends seaward to the mean highwater line of the Gulf of Mexico and includes

2

dry sand beach. Copies of the deed and condominium documents are included as Composite Exhibit 1.

2.     Plaintiffs, Lionel and Tammy Alford, are co-trustees of the Lionel D. Alford, Jr. and Tammy Nix Alford Revocable Trust ("Alford Trust").  The Alford Trust owns beachfront property in Walton County, Florida (Parcel ID# 34-2S-21-42000-019-0010) ("Alford Property"). Specifically, located at 20 Sandy Beach Road, Miramar Beach, Florida 32550, the Alford Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach. A copy of the deed is included in Composite Exhibit 1.

3.     Plaintiffs, Douglas B. and Shelly L. Bush are co-owners of beachfront property in Walton County, Florida (Parcel ID# 24-3S-19-25120-000-0302) ("Bush Property"). Specifically, located at 659 Eastern Lake Road, Santa Rosa Beach, Florida 32459, the Bush Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach. A copy of the deed is included in Composite Exhibit 1.

4.     Plaintiff, St. Johns Florida Properties, L.L.C., is the owner of multiple beachfront properties in Walton County, Florida (Parcel ID# 04-3S-20-34000-009-0000 and 04-3S-20-34000-010-0000) ("St. Johns Properties").  Specifically, located at 6061 County Highway 30A W, Santa Rosa Beach, Florida 32459, and 6039 County Highway 30A W, Santa Rosa Beach, Florida 32459, the St. Johns Properties

extend seaward to the mean highwater line of the Gulf of Mexico and include dry sand beach.  Copies of the deeds are included in Composite Exhibit 1.

5.      Plaintiff, KI Florida Properties, L.L.C., is the owner of beachfront property in Walton County, Florida (Parcel ID# 33-2S-21-42170-017-0050) ("KI Property"). Specifically, located at 747 Scenic Gulf Drive, Miramar Beach, Florida 32550, the KI Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

6.      Plaintiffs, Michael D. and Janet M. Huckabee are co-trustees of the Angus B. Wiles Trust ("Wiles Trust").  The Wiles Trust is the owner of beachfront property in Walton County, Florida (Parcel ID# 12-3S-20-34040-010-0020) ("Wiles Property"). Specifically located at 756 Blue Mountain Road, Santa Rosa Beach, Florida 32459, the Wiles Property extend seaward to the mean highwater line of the Gulf of Mexico and include dry sand beach. A copy of the deed is included as Composite Exhibit 1.

7.      Plaintiff, Camping on the Gulf Land, L.L.C., is the owner of beachfront property in Walton County, Florida (Parcel ID# 34-2S-21-42000-003-0000) ("Camping Property"). Specifically, located at 10005 Emerald Coast Parkway W, Miramar Beach, Florida 32550, the Camping Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

8.     Plaintiff, Sandy Shores Property Owners Association, Inc., is the owner of beachfront property in Walton County, Florida (Parcel ID# 35-3S-18-16033-000-00A0) ("Shores Property"). Specifically, located at Sandy Shores Court, Inlet Beach, Florida 32461, the Shores Property extends to the mean highwater line of the Gulf of Mexico and includes the dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

9.     Plaintiff, Todd Harlicka, is the owner of property in the Sandy Shores Subdivision of Walton County, Florida (Parcel ID# 35-3S-18-16030-000-0120) ("Harlicka Property"). Specifically, located at 80 Sandy Shores Ct., Inlet Beach, Florida 32461, the Harlicka Property by way of inclusion in the Sandy Shores Subdivision includes an undivided ownership interest in the Shores Property which extends to the mean highwater line of the Gulf of Mexico and includes the dry sand beach.  Copies of the deed and homeowner's association documents are included as Composite Exhibit 1.

10.     Plaintiff, Christopher Corrado, is the owner of beachfront property in the Sandy Shores Subdivision of Walton County, Florida (Parcel ID# 35-3S-18-16033-000-0030) ("Corrado Property").  Specifically, located at 113-A Sandy Shores Court, Inlet Beach, Florida 32461, the Corrado Property by way of inclusion in the Sandy Shores Subdivision also includes an undivided ownership interest in the Shores Property which extends to the mean highwater line of the Gulf of Mexico

and includes the dry sand beach.  Copies of the deed and homeowner's association documents are included as Composite Exhibit 1.

11.     Plaintiffs, Edward J. and Joy L. McMillian, are the owners of beachfront property in Walton County, Florida (Parcel ID# 28-3S-18-16000-011-0010) ("McMillan Property").  Specifically, located at 8016 East County Highway 30A Inlet Beach, Florida 32461, the McMillan Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

12.     Plaintiff, JE Coastal Properties, L.L.C., is the owner of beachfront property in Walton County, Florida (Parcel ID# 12-3S-20-34040-010-0040) ("JE Property").  Specifically, located at 778 Blue Mountain Road, Santa Rosa Beach, Florida 32459, the JE Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

13.     Plaintiffs, Eric and Deborah Wilhelm are co-trustees of the Eric and Deborah Wilhelm Revocable Trust ("Wilhelm Trust").  The Wilhelm Trust is the owner of beachfront property in Walton County, Florida (Parcel ID# 03-3S-20-34000-012-0000) ("Wilhelm Property").  Specifically, located at 5305 County Highway 30A W, Santa Rosa Beach, Florida 32459, the Wilhelm Property extends seaward to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

14.     Plaintiff, David A. Bradford, is the trustee of the Elizabeth M. Bradford Revocable Trust dated July 12, 2012 ("Bradford Trust").  The Bradford Trust owns beachfront property in Walton County, Florida (Parcel ID# 08-3S-19-25020-00A-0130) ("Bradford Property"). Specifically located at 251 Gulf Shore Dr., Santa Rosa Beach, Florida 32459, the Bradford Property extends to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included in Composite Exhibit 1.

15.     Plaintiff, Parker H. Petit, is the owner of beachfront property in Walton County, Florida (Parcel ID# 35-3S-18-16020-00A-0160) ("Petit Property"). Specifically, located at 145 Paradise by the Sea Boulevard, Inlet Beach, Florida 32461, the Petit Property extends to the mean highwater line of the Gulf of Mexico and includes dry sand beach.  A copy of the deed is included as Composite Exhibit 1.

16.     Defendant, Walton County (the "County") is a citizen of the State of Florida, acting through its Board of County Commissioners ("Board").

17.     Defendant, Walton County Sheriff Michael A. Adkinson, Jr. ("Sheriff"), is the chief law enforcement officer for Walton County and is charged with enforcing laws in Walton County.

## Jurisdiction

18.     This Court has jurisdiction under 28 U.S.C. § 1331 because Plaintiffs raise questions under the U.S. Constitution, 42 U.S.C. § 1983 and 28 U.S.C.

§ 1343(a)(3) because the Plaintiffs challenge the County's deprivation of rights under color of state law; and under 28 U.S.C. § 2201 because the Plaintiff seeks declaratory and injunctive relief.

## Venue

19.    The U.S. District Court for the Northern District of Florida is the appropriate venue because the Defendants reside in this District, 28 U.S.C. § 1391(b)(1), and a substantial part of the events or omissions giving rise to the claim occurred within this District, *id.* § 1391(b)(2). Moreover, according to the Local Rules of the Northern District, the Pensacola Division is the appropriate venue because the cause of action arises in Walton County, Florida.

## General Allegations

20.    In response to concerns over the potential spread of COVID-19, Walton County adopted 2020-08 ("Ordinance") on March 19, 2020. Attached as Exhibit 2. Importantly, the Ordinance closed <u>public</u> beaches:

> 1. All beaches within Walton County, Florida, are temporarily CLOSED to the public.
> 2. It shall be unlawful for members of the public to access the beaches within Walton County.

*See* Exhibit 2 at ¶'s 1-2.

21.    Prior to adoption of this Ordinance at the March 19, 2020 emergency meeting, the County Attorney expressly stated that the Board of County Commissioners had no authority to close <u>privately owned</u> beaches:

> We don't have the authority to keep beachfront property owners from using their private property.
>
> Um, So that being said, that we cannot keep beachfront property owners from their private property, and I'm trying to be upfront with everyone about that because I don't want there to be confusion, um, because it will seem unfair to a lot of people, and I understand that.

*See*    https://walton.civicweb.net/document/66280?splitscreen=true&media=true.

The statements begin at minute 3, 46 seconds and minute 4, 12 seconds, respectfully.

22.    On April 1, 2020, Governor DeSantis issued Executive Order 20-19 ("EO 20-19") commonly referred to as the "safer at home" order. Attached as Exhibit 3.  EO 20-19 provides in relevant part that "all persons in Florida shall limit their movements and personal interactions outside of their home to only those necessary to obtain essential services or conduct essential activities." *See* Exhibit 3 at §1(B).

23.    EO 20-19 further defines "essential activities" to include "participating in recreational activities (consistent with social distancing guidelines) such as walking, biking, hiking, fishing, hunting, running, or swimming." *See* Exhibit 3 at §3(A)(ii).

24.    On April 1, 2020, Governor DeSantis issued Executive Order 20-20 ("EO 20-20") that amended EO 20-19.  Attached as Exhibit 4.  EO 20-20 amended EO 20-19 as follows:

> Section 4 of Executive Order 20-91 should read, as follows: This Order shall supersede any conflicting official action or order issued by local officials in response to COVID-19.

*See* Exhibit 4 at §1.

25.   At an emergency meeting on April 2, 2020, the Walton County Board of County Commissioners adopted Ordinance 2020-09 amending Ordinance 2020-08 (hereinafter "Amended Ordinance").   Attached as Exhibit 5.   The Amended Ordinance now provides:

1.   All beaches within Walton County, Florida are temporarily CLOSED ~~to the public~~.
2.   It shall be unlawful for ~~members of the public~~ any person to enter upon or remain on ~~to access~~ the beaches within Walton County.
3.   Beach shall have the same definition as contained in Chapter 22, Walton County Waterways and Beach Activities Ordinance. Words not defined in this Ordinance shall be given their common and ordinary meaning.
4.   A violation of this Ordinance shall constitute a criminal offense and shall be punishable as provided in Section 252.50, Florida Statutes.

*See* Exhibit 5 at ¶'s 1-4.

26.   The purpose of the Amended Ordinance is to close all beaches, whether public or private, and prohibit anyone from being on the beaches, including owners of private beach on their own private property.   *See* https://walton.civicweb.net/document/66799?splitscreen=true&media=true (emergency meeting adopting Amended Ordinance).

27.   The County, Sheriff, Walton County Code Enforcement, and South Walton Fire District, have been and are currently patrolling and occupying the private beachfront properties of the Plaintiffs and other similarly situated beachfront property owners.

28.   The Sheriff, Walton County Code Enforcement, and South Walton Fire

District continue to enter and occupy Plaintiffs' private property and threaten to arrest or fine Plaintiffs, their family members, or invitees on their private properties.

29.    The Sheriff, Walton County Code Enforcement, and South Walton Fire District continue to enter and occupy Plaintiffs' private property and by threat of arrest and physical removal, prevent the Plaintiffs, their family members, or invitees from being able to enjoy their private properties.

### Count I – Violation of the Fifth Amendment's Takings Clause

30.    Plaintiffs re-allege paragraphs 1- 29 above.

31.    The Fifth Amendment to the U.S. Constitution, as applicable to the County through the Fourteenth Amendment to the U.S. Constitution, prohibits "private property [from] be[ing] taken for public use, without just compensation."

32.    Plaintiffs own certain beachfront property that the County and Sheriff have physically occupied through officials of the County, including Sheriff deputies, Walton County Code Enforcement and South Walton Fire District patrolling and occupying their private properties.

33.    The County and Sheriff, through threats of prosecution including fines of up to $500 and jail (up to 60 days), have physically prevented Plaintiffs from being able to use or even set foot in their own backyards. *See* § 775.083 (1)(e) and 775.082(4)(b), Fla. Stat.

34.    On a daily basis, these County officials continue to enter and occupy Plaintiffs' private properties and prevent Plaintiffs, their family members, or invitees

from being able to possess or physically occupy their own private properties.

35.    County officials, including those with the Sheriff's Office, Walton County Code Enforcement, and South Walton Fire District have prevented Plaintiffs from fishing and swimming from their own properties and backyards.  These County officials have declared the Gulf of Mexico waters closed to Plaintiffs which is in direct conflict with EO 20-20 and EO 20-19.   In addition, the Plaintiffs have constitutionally protected littoral rights which includes the right to use the waters of the Gulf that have been taken by these County officials.

36.    The County and Sheriff, under color of state law, have physically appropriated Plaintiffs' beachfront properties for public use without the payment of compensation to the Plaintiffs.

37.    The County and Sheriff's physical appropriation of Plaintiffs' beachfront properties violates the Plaintiffs' rights under the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983.

38.    Plaintiffs are entitled to an award of attorney's fees, costs, and expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully request the Court declare that the County's Amended Ordinance is unconstitutional; declare the Amended Ordinance invalid; enjoin the County and Sheriff from enforcing the Amended Ordinance; award Plaintiffs just compensation for the temporary taking of their properties and award Plaintiffs attorney fees and costs.

## Count II – Declaratory Judgment/Preemption

39.     Plaintiffs re-allege paragraphs 1-29 above.

40.     The Amended Ordinance is invalid as it is superseded and preempted by the Governor's EO 20-20.

41.     Governor DeSantis's EO 20-19 and EO 20-20 state that persons shall limit "their movements and personal interactions outside of their home to only those necessary to obtain essential services or conduct essential activities." *See* Exhibit 3 at §1(B).  In addition, EO 20-20 specifically preempts any local action or order inconsistent with the EOs: "This Order shall supersede any conflicting official action or order issued by local officials in response to COVID-19." *See* Exhibit 4 at §1.

42.     Plaintiffs' own private property which includes the beaches that make up their backyards and are part of their homes.  The Amended Ordinance's attempt to ban homeowners from a portion of their property or home directly conflicts with EO 20-19 and 20-20.   Accordingly, the Amended Ordinance is invalid.

43.     EO 20-19 further defines "essential activities" to include "participating in recreational activities (consistent with social distancing guidelines) such as <u>walking</u>, biking, hiking, <u>fishing</u>, hunting, running, or <u>swimming</u>." *See* Exhibit 3 at §3(A)(ii) (emphasis added).

44.     County officials, including those with the Sheriff's Office, Walton County Code Enforcement, and South Walton Fire District have prevented Plaintiffs from walking, fishing, and swimming from their own properties and backyards.

These County officials have also declared the Gulf of Mexico waters closed to Plaintiffs which is in direct conflict with EO 20-20 and 20-19. Moreover, the Plaintiffs have constitutionally protected littoral rights that these County officials have taken, including the right to use the waters of the Gulf.

45.     The Amended Ordinance and the County officials' actions prohibiting Plaintiffs' access to the Gulf of Mexico waters are invalid.

WHEREFORE, Plaintiffs respectfully request the Court declare that the County's Amended Ordinance is invalid as being preempted by EO 20-19 and EO 20-20 and enjoin the County and Sheriff from enforcing the Amended Ordinance.

### Count III – Violation of Florida's Constitutional Right to Privacy

46.     Plaintiffs re-allege paragraphs 1-29 above.

47.     Florida's constitutionally protected right to privacy provides "the right to be let alone and free from governmental intrusion into the person's private life." Fla. Const. art. 1, § 23.

48.     The County, Sheriff, and the Amended Ordinance are violating Plaintiffs' right to privacy by preventing Plaintiffs from physically being able to occupy their own backyards, including by: 1) threats of prosecution, including fines of up to $500 and jail (up to 60 days), which physically prevent Plaintiffs from being able to use or even set foot in their own backyards, *see* § 775.083 (1)(e) and 775.082(4)(b), Fla. Stat.; and 2) physically occupying and patrolling Plaintiffs' private properties.

WHEREFORE, Plaintiffs respectfully request the Court find that the County's Amended Ordinance violates Plaintiffs' right to privacy; declare that the County's Amended Ordinance is unconstitutional; and enjoin the County and Sheriff from enforcing the Amended Ordinance.

## Count IV – Violation of Due Process Rights

49.     Plaintiffs re-allege paragraphs 1-29 above.

50.     The Fourteenth Amendment to the U.S. Constitution prohibits the County from depriving any person of "life, liberty, or property, without due process of law" – both procedural and substantive due process of law.

51.     The Amended Ordinance fails to afford procedural and substantive due process.

52.     The Amended Ordinance is arbitrary and capricious. The Amended Ordinance purports to be designed to "prevent the spread of COVID-19" yet it has the opposite effect.  The Amended Ordinance prevents the Plaintiffs, many of whom own residences along the beach, from utilizing their own backyards to quarantine or stay safe at home. The chances of a family or landowner catching or spreading COVID-19 is far less in his or her own private backyard (where no one else should be less they be trespassing) than traveling to the grocery store or hardware store or other essential business.

53.     In addition, recreating in one's own private backyard to fish or swim, as specifically authorized as essential recreation by the Governor in EO 20-19 is far

safer that traveling somewhere else to recreate.

54.     Moreover, Plaintiffs have followed the CDC guidelines and never had a group of more than 10 people together.  In addition, there is plenty of room for compliance with social distancing.  In fact, one Plaintiff's use of his privately-owned beach (i.e., backyard) on April 3, 2020 shows he is much further away from anyone than he would be even within his own house:



55.     The County's Amended Ordinance would force family members into a confined space within a house rather than allow them to social distance and recreate in their sandy backyard. Or it forces them to public locations to recreate potentially

closer to many other persons that may have COVID-19.

56.     In reality, the purpose of the Amended Ordinance is to make enforcement easier for the County and its officials. It is easier if no one is allowed on the beach rather than enforcement officials having to distinguish between property owners and non-property owners.  As such, the Amended Ordinance is arbitrary, capricious, and invalid.

57.     The County and Sheriff, through threats of prosecution including fines of up to $500 and jail (up to 60 days), have physically prevented Plaintiffs from being able to use or even set foot in their own backyards. *See* § 775.083 (1)(e) and 775.082(4)(b), Fla. Stat.

58.     The County and Sheriff, under color of state law, are depriving Plaintiffs of life, liberty, and property, without procedural or substantive due process of law.

59.     The County's Amended Ordinance violates Plaintiffs' rights under the Fourteenth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

60.     Plaintiffs are entitled to an award of attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully request the Court declare that the Amended Ordinance is unconstitutional; enjoin the County and Sheriff from enforcing the Amended Ordinance; and award Plaintiffs attorney fees and costs.

## Count V – Fourth Amendment Right Against Unreasonable Seizure

61.    Plaintiffs re-allege paragraphs 1-29 above.

62.    The Fourth Amendment to the U.S. Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable . . . seizures, shall not be violated."

63.    The Amended Ordinance violates Plaintiffs' rights against unreasonable seizure of their real property.

64.    The Amended Ordinance is arbitrary, capricious, and unreasonable. The Amended Ordinance purports to be designed to "prevent the spread of COVID-19" yet it has the opposite effect.  The Amended Ordinance prevents the Plaintiffs, many of whom own residences along the beach, from utilizing their own backyards to quarantine or stay safe at home. The chances of a family or landowner catching or spreading COVID-19 is far less in his or her own private backyard (where no one else should be less they be trespassing) than traveling to the grocery store or hardware store or other essential business.

65.    In addition, recreating in one's own private backyard to fish or swim, as specifically authorized as essential recreation by the Governor in EO 20-19 is far safer that traveling somewhere else to recreate.

66.    Moreover, Plaintiffs have followed the CDC guidelines and never had a group of more than 10 people together.  In addition, there is plenty of room for compliance with social distancing.  In fact, one Plaintiff's use of his privately-owned beach (i.e., backyard) on April 3, 2020 shows he is much further away from anyone

than he would be even within his own house:



67.     The County's Amended Ordinance would force family members into a confined space within a house rather than allow them to social distance and recreate in their sandy backyard. Or it forces them to public locations to recreate potentially closer to many other persons that may have COVID-19.

68.     In reality, the purpose of the Amended Ordinance is to make enforcement easier for the County and its officials. It is easier if no one is allowed on the beach rather than enforcement officials having to distinguish between property owners and non-property owners.   As such, the Amended Ordinance

constitutes an unreasonable seizure of Plaintiffs' real property and is invalid.

69.    The County and Sheriff, through threats of prosecution including fines of up to $500 and jail (up to 60 days), have physically prevented Plaintiffs from being able to use or even set foot in their own backyards. *See* § 775.083 (1)(e) and 775.082(4)(b), Fla. Stat.

70.    The County and Sheriff, under color of state law, have unreasonably and unlawfully seized the Plaintiffs private beach properties.

71.    The County's Amended Ordinance violates Plaintiffs' rights under the Fourth Amendment to the U.S. Constitution and 42 U.S.C. § 1983.

72.    Plaintiffs are entitled to an award of attorney's fees, costs and expenses pursuant to 42 U.S.C. § 1988.

WHEREFORE, Plaintiffs respectfully request the Court declare that the Amended Ordinance is unconstitutional; enjoin the County and Sheriff from enforcing the Amended Ordinance; and award Plaintiffs attorney fees and costs.

## Count VI – Declaratory Judgment/Lack of Statutory Authority

73.    Plaintiffs re-allege paragraphs 1-29 above.

74.    The Amended Ordinance is invalid as Walton County lacks authority to commandeer property in response to a declared emergency.

75.    Direct authority to establish ordinary police regulations belongs to the Legislature. *State ex rel. Young v. Duval County*, 79 So. 692, 697 (Fla. 1918) ("A direct exercise by the Legislature of the police power is in accordance with

immemorial governmental usage. But the subject-matter may be such that only a general scheme or policy can with advantage be laid down by the Legislature; and the working out in detail of the policy indicated may be left to the discretion of other officers or tribunals.").  Thus, the State's political subdivisions "may only exercise such police powers as have been delegated to them by the legislature, and the legislature has the power to withhold from, or delegate to, municipalities the exercise of such police powers as it may deem wise and expedient to give them."  12A Fla. Jur. Counties and Municipal Corporations § 246

76.    To address natural, technological, or manmade disasters, the Florida Legislature has promulgated the State Emergency Management Act, Chapter 252, Part I, Florida Statutes (2020) (the "Act"). § 252.32(1), Fla. Stat. (declaring the policy and purpose of the Act).  Through the Act, the Legislature has specifically delegated certain powers and authority to the Governor and the State's political subdivisions related to the protection of public peace, health, and safety in the face of an emergency. §§ 252.36; 252.38, Fla. Stat.  Among the powers the Legislature specifically delegated to the Governor is the authority to commandeer or utilize private property if found necessary to cope with an emergency. § 252.36(5), Fla. Stat.  No such police power has been delegated to the state's political subdivisions in the face of any emergency. *See generally* § 252.38, Fla. Stat. (specifying the emergency management powers delegated to the state's political subdivisions).

77.     The Act prescribes with particularity that it is the Governor who has the authority to commandeer private property in the face of a declared emergency. The absence of any such grant indicates the Legislature's intent that such power has not been granted to political subdivisions. *See* Op. Att'y Gen. Fla. 83-59 (1983) (concluding county lacked authority to commandeer private property to cope with a declared state of emergency).

78.     The Amended Ordinance commandeers Plaintiffs' private property in response to the declared COVID-19 emergency.  Walton County lacks any delegation to exercise such power.  As such, Walton County lacks authority to commandeer privately owned property to address any state of emergency due to COVID-19 and its Amended Ordinance is void and must be stricken.

WHEREFORE Plaintiffs respectfully request the Court declare that the County's Amended Ordinance exceeds the County's legislatively delegated power and authority to respond to the declared COVID-19 emergency and enjoin the County and Sheriff from enforcing the Amended Ordinance.

## Relief Requested

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Declare that the Amended Ordinance constitutes a temporary taking of Plaintiffs' property under the Takings Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution and 42 U.S.C. § 1983 such that Plaintiffs are

entitled to just compensation and attorney fees and costs from the County and Sheriff;

B.     Enjoin enforcement of the Amended Ordinance by Walton County and the Sheriff;

C.     Declare that the Amended Ordinance is invalid because it is conflicts with EO 20-19 and 20-20 and is preempted;

D.     Declare that the Amended Ordinance is invalid because it violates Plaintiffs' right to privacy;

E.     Declare that the Amended Ordinance is invalid because it violates Plaintiffs' due process rights;

F.     Declare that the Amended Ordinance is invalid because it violates the Plaintiffs' rights to be secure against unreasonable seizures under the Fourth Amendment to the U.S. Constitution;

G.     Declare that the Amended Ordinance is invalid because it exceeds Walton County's legislatively delegated authority;

H.     Award Plaintiffs' attorney's fees, costs, and expenses under 42 U.S.C. § 1988 to be paid by the County and Sheriff; and

G.     Grant such other relief as the Court may deem proper.

Respectfully submitted by:

*/s/ D. Kent Safriet*
D. Kent Safriet (FBN 174939)
Joseph A. Brown (FBN 0025765)
Edward M. Wenger (FBN 85568)
Kristen C. Diot (FBN 0118625)
HOPPING GREEN & SAMS, P.A.
119 South Monroe St., Suite 300
Tallahassee, FL 32301-1529
(850) 222-7500 / (850) 224-8551 (Fax)
kents@hgslaw.com
josephb@hgslaw.com
edw@hgslaw.com
kristend@hgslaw.com

Dated: April 6, 2020          *Attorneys for Plaintiffs*