## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JOHN T. DODERO,
et al.,

        Plaintiffs,

        v.                            Case No.: 3:20cv5358-RV/HTC

WALTON COUNTY, a political
subdivision of the State of Florida;
and MICHAEL A. ADKINSON, JR.,
in his official capacity as Walton
County Sheriff,

        Defendants.
_____/

## ORDER

The entire country—and, in fact, much of the world—is currently in the midst of a pandemic relating to the Covid-19 virus. The federal government and individual states have taken various methods to try and combat this crisis, including, *inter alia*, statewide lockdowns and forced social distancing. Walton County (like many counties throughout the State of Florida) has temporarily closed its beaches via local ordinance. The ordinance provides on its face that it is in effect until April 30, 2020, unless it is extended.

The plaintiffs are Gulf of Mexico beachfront property owners in the county, and they have filed this case against the county and the sheriff to challenge the ordinance. They allege, at bottom, that the beaches between their homes and the mean high water line of the Gulf constitute their private backyards and that they are being denied the full use and enjoyment of their property in violation of the United States and Florida

Constitutions and privacy rights. The plaintiffs base their claims for injunctive relief on the Fourth Amendment (as a "seizure"), on the "Privacy Right" provision of the Florida Constitution, and that the ordinance is in conflict with Executive Orders of Florida's Governor.

On April 6, 2020, the plaintiffs filed an emergency motion for a preliminary injunction (docs. 2). The defendants filed responses in opposition on April 10, 2020 (docs. 18, 20). I held a telephonic hearing of over two hours in length on April 13, 2020, at the conclusion of which I orally denied the plaintiffs' motion. This order will very briefly memorialize my oral ruling.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). It is "'a very far-reaching power, never to be indulged in except in a case clearly demanding it.'" *Orr v. Shicker*, 953 F.3d 490, 501 (11th Cir. 2020). To be entitled to this extraordinary remedy and far-reaching power, the plaintiffs must first establish: (1) that they have a substantial likelihood of success on the merits; (2) that they will suffer irreparable injury if the relief is not granted; (3) that the threatened injury outweighs the harm to the non-movant; and (4) that the relief would serve the public interest. *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225-26 (11th Cir. 2005). "Ordinarily the first factor," likelihood of success on the merits, "is the most important." *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986).

As I said at the April 13th hearing, the plaintiffs have not satisfied any of the four factors. As for the first—and most important—factor, it is doubtful that the plaintiffs will succeed on the merits. We are in the midst of a national health emergency, and it seems highly likely at this stage of the case that the county has the authority to take the measures that it has in order to address that emergency. It is

important to note in this context that there is no evidence in the record that the defendants are precluding them from using their back porches, patios, decks, or unimproved areas reasonably close to their property.[1] Although the plaintiffs want (but are being denied) full access to their privately-owned property all the way down to the mean high water line, they are not the only people who have had their property rights temporarily curtailed during this national pandemic. To be sure, owners of "non-essential" businesses have had to close their doors completely. I do not find the county's action to be in violation of the Fourth Amendment or of Florida's privacy rights (since this is really a property rights issue). I also find that the ordinance is consistent with, and authorized by, the Governor's Executive Order No. 20-68.

As for the second factor, the plaintiffs have not shown that being precluded from accessing a portion of their property during a national pandemic constitutes an irreparable injury. Whatever injury they sustain in not being able to fully access the beach and water behind their homes is temporary and relatively minimal compared to the potential harms that may result if there is increased exposure to this communicable virus. For much the same reason, the third and fourth factors (whether the threatened injury outweighs the harm to the defendants, and whether the requested relief would serve the public interest) obviously weigh against granting the plaintiffs preliminary injunctive relief.

For the reasons stated above and at the April 13th hearing, the plaintiffs' motion for a preliminary injunction (doc. 2) is DENIED.

---

[1]

And as I said during the hearing, some of the lots do not appear to have easily identifiable vegetation lines between the homes and the water. Most do, however, and that distance seems to be well over 10 yards. The county acknowledges that it does not construe the ordinance as applying inland of the dune or vegetation line. Therefore, the defendants should not attempt to enforce the ordinance within 10 yards of any permanent improvement.

DONE AND ORDERED this 17th day of April, 2020

 /s/ Roger Vinson
**ROGER VINSON**
**Senior United States District Judge**